### STATE v. CHAFFIN.

1. EXPERT—PHYSICIAN.—Can a physician as an expert give his opinion as to whether an abrasion could have been caused by a blow?
2. IBID.—PRACTICE.—IT IS HARMLESS ERROR to rule out a question to an expert, where afterwards the same witness was permitted to give an opinion on the point of inquiry.
3. EVIDENCE—THREATS—DECLARATIONS—SELF-DEFENSE.—When it is proper for the defense to prove uncommunicated threats in cases of self-defense, the State in reply may prove such declarations of deceased as negative such animus, especially when connected with the matter out of which the threats grew. Rule when uncommunicated threats may be proved stated.
4. REQUESTS TO CHARGE properly refused, because they embodied statements of facts in the case.
5. CHARGE.—Defendant desiring definition of a legal phrase in general terms must present requests properly covering such definition.

Before KLUGH, J., Greenville, November Term, 1898. Affirmed.

Indictment against John G. Chaffin for murder. From verdict of guilty with recommendation for mercy, and sentence thereon, defendant appeals.

*Messrs. Shuman & Dean* and *J. I. & J. K. Earle,* for appellant, cite: *Error to rule out expert question to Dr. Bottum:* 34 S. C., 16; 21 S. E. R., 4; 120 U. S., 430; 168 U. S., 532. *Where witness states facts, he may give opinion, though not expert:* 1 McM., 56; 19 S. C., 66; 120 U. S., 430. *As* to *admission of declarations of deceased:* 32 S. C., 392; 34 S. C., 49; 31 S. C., 218; 20 S. C., 581; 2 Sp., 610; 8 S. E. R., 706; 34 S. C., 518; 29 S. C., 597, 332. *Requests refused embodied uncontested facts in case, and should have*

*been given to jury:* 17 S. C., 71, 136; 14 S. C., 621; 34 S. C., 518; 40 S. C., 104; 11 S. C., 454; 13 S. C., 343.

*Mr. Assistant Attorney General U. X. Gunter,* for Solicitor Ansel (oral argument).

The opinion in this case was filed June 20, 1899, but upon notice of motion to suspend appeal for purpose of making motion for new trial below on after-discovered evidence, remittitur was stayed on June 28. Motion was made before this Court and refused on

December 19, 1899. The opinion of the Court was delivered by

Mr. JUSTICE JONES. The appellant having been found guilty of the murder of Warren E. F. Grube, with a recommendation for mercy by the jury, and sentenced to life imprisonment in the penitentiary, seeks to reverse the judgment on these grounds: 1. It is excepted that the Circuit Court erred in refusing to allow the witness, Dr. J. G. Bottum, to answer this question propounded in behalf of appellant, "At the point you saw this abrasion on the upper eyelid and well back as you have described it, would he likely have received a wound that way from a blow?" The Court ruled that the witness could not answer this question as an expert. The wound referred to was a small abrasion of the right eyelid of the deceased. The wound which caused death was a pistol shot wound in the left temple. In answer to what appellant's counsel inferred would be the contention of the solicitor for the State, viz: that the abrasion on the eyelid was from a blow by appellant, counsel desired to show by this witness that such abrasion could not likely be caused by a blow. There was no evidence at all to the effect that appellant struck the deceased, except by means of the pistol shot; but conceding the relevancy of the inquiry, and, for the purpose of this question, conceding that the witness was competent to give, as an expert, an opinion whether the abra-

sion was likely caused by a "blow," appellant has no ground for complaint, because the witness was afterwards permitted to give opinion on the subject, as the following question and answer (at folio 279 of the Brief) shows: "Q. Do you think it probable that the abrasion above the eyelid could have been made by the powder? A. It looked to me as if it was the cause of it. The skin there is very tender and loose, and I thought probably the powder broke the skin in both places, above and below." If, therefore, the ruling in the first instance was erroneous, the error was rendered harmless by subsequently allowing the witness to give an opinion as an expert covering the point of inquiry.

2. The second exception imputes error in permitting N. P. Whitmire, a witness for the State, in reply, to testify as to declarations by the deceased made some time previous to the fatal encounter, tending to show that deceased had no unkind feeling towards the defendant. The evidence in the case tended to show that some time previous to the homicide the defendant and deceased had a difficulty, in which the defendant was the aggressor and struck the deceased, giving him a black eye; that the deceased took out a warrant against defendant for the assault and battery; that through the intervention of a friend, deceased agreed to withdraw the warrant upon apology by the defendant; that defendant apologized, and deceased went to the magistrate and withdrew the warrant. The declarations of the deceased made to the magistrate at the time of the withdrawal of the warrant are those objected to, and were that "he (the deceased) was very much mortified at the circumstances, and that he did not want to put him (defendant) to any trouble; that he did not have any unkind feelings towards him." This evidence was offered by the State in reply to evidence offered by defendant for the purpose of showing that deceased had made a threat against defendant. J. D. M. Dillard, a witness for defendant (folio 462 of the Brief), had testified that he teased deceased about the black eye he received in the

28—56

STATE *v.* CHAFFIN.

difficulty with defendant, and that deceased said, "he had better never tackle me again." The witness testified that he took this as a threat from deceased's manner. There was no evidence that this alleged threat was communicated to the defendant. The Circuit Court ruled the evidence admissible on two grounds, in reply to the testimony offered by defendant, and as declarations accompanying an act. We sustain the ruling on the ground that the evidence was admissible in reply to defendant's attempt to prove a threat by the deceased. The defendant set up the plea of self-defense, and the evidence raised an issue as to whether the deceased or the defendant was the aggressor in the fatal difficulty. The rule in reference to the admissibility of threats by the deceased, not communicated to the defendant, is thus stated by Mr. Justice Gary, speaking for the Court, in the case of *State* v. *Faile,* 43 S. C., 62: "When the plea of self-defense is relied upon, and there is conflict of testimony as to who was the aggressor in bringing about the difficulty, uncommunicated threats made by the deceased against his slayer are competent evidence to show the attitude of the deceased towards the prisoner." It must follow as a corollary, when it is competent for the defendant to prove the *animus* of the deceased by evidence of hostile or menacing declarations previous to the homicide, that it is also competent in reply to such evidence to prove declarations of the deceased tending to negative a hostile mind towards the defendant, and especially must this be true, if the declarations accompany and explain a friendly act of deceased in reference to the very matter which caused the alleged threat.

3. The third and fourth grounds of appeal assign error in the refusal of the Circuit Court to charge the defendant's first and second request to charge, as follows: "1. While one who pleads self-defense, in order to make his plea good, must not have been in fault and bringing on the difficulty; still when there has been a quarrel or mutual combat between two persons, or where one person has used harsh language to another previous to the killing of

such other person, and after such combat or quarrel or the use of such language, retires from the place of such combat or quarrel, or where such language was used with the honest intention of discontinuing the difficulty or quarrel, and of going about his business to some other place, and the person killed follows him and causes the quarrel or difficulty to be renewed by some act of his, in consequence of which the killing took place, the person doing the killing would not, under such circumstances, be in fault in bringing on the difficulty.    2. If the defendant went to the office of the deceased before the killing on business, and while there he used harsh words to the deceased, but upon being requested to do so by the deceased, retired from the office, closing the door behind him, with the honest intention of discontinuing the quarrel and going about his business to some other place, and the deceased opened the door and pursued him with a stick in his hand, and the killing resulted in consequence thereof, the defendant would not, under such circumstances, be in fault in bringing on the difficulty."    These requests to charge were refused because they involved a charge in reference to facts.    In this there was no error.    The Court fairly and fully charged the law in reference to self-defense; and if the defendant desired in general terms a definition of the terms "without fault," as applied to the law of self-defense, he should have requested such a charge.    It was for the jury to determine from the evidence whether the defendant was without fault in bringing on the difficulty which resulted in the death of the deceased.

The judgment of the Circuit Court is affirmed.